IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CRIMINAL NO. 1:CR-10-0061 |
| WAYNE A. KRAMER, III, : | |
| Defendant : | |
| : | (Judge Caldwell) |
| : | |
| : | |

*M E M O R A N D U M*

I. *Introduction*

        The pro se defendant, Wayne A. Kramer, III, an inmate at FCI Fort Dix, New Jersey, pled guilty to a violation of 21 U.S.C. § 841(a)(1), distribution of heroin. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), he agreed with the government that his sentence would be 144 months' imprisonment.

        Defendant has filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. The motion is based on Amendment 782 to the United States Sentencing Guidelines. Generally, Amendment 782 retroactively reduces the offense level by two levels for most drug quantities used in sentencing determinations. Even though Defendant's sentence was agreed upon pursuant to Fed. R. Crim. P. 11(c), rather than seemingly based on the guidelines, he contends that *Freeman v. United States*, 564 U.S.

522, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), permits him to seek a reduction based on the Amendment.

Some defendants who enter into a (C) plea agreement can obtain relief under section 3582(c)(2). However, Defendant is not one of them. We will therefore dismiss the motion for lack of jurisdiction.

II. *Background*

In May 2010, Defendant executed a written plea agreement, agreeing to plead guilty to a superseding information charging him with a violation of 21 U.S.C. § 841(a)(1), distribution of heroin. The agreement mentioned that the maximum penalty for the offense was twenty years, a fine of one million dollars, and a maximum term of supervised release of up to three years. (Doc. 33, plea agreement ¶ 1). It also stated:

> The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a presentence hearing, or at a sentencing hearing.

(*Id.* ¶ 1). In pertinent part, paragraph 7 of the agreement further provided that "[p]ursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree" that defendant's sentence would be 144 months' imprisonment. (*Id.* ¶ 7). Paragraph 7 also stated: "The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case." (*Id.* ¶ 7).

-2-

Paragraph 10 set forth the procedure for objecting to the presentence report, including objections to sentencing guideline ranges. (*Id.* ¶ 10).

On June 11, 2010, a guilty-plea colloquy was held. The prosecutor stated the parties had entered into a Rule 11(c) binding plea agreement for twelve years. (Doc. 55, guilty-plea transcript at p. 2). Defendant entered a plea of guilty. As authorized under Rule 11(c)(3)(A), the court deferred accepting the plea until a presentence report (PSR) was prepared. (*Id.* at p. 12).

In August 2010, the PSR was prepared. It stated the following. Based on 1.4 kilograms of heroin, Defendant's base offense level under U.S.S.G. § 2D1.1 was 32. (PSR ¶ 30). Two points were added under U.S.S.G. § 3B1.1(c) for being an organizer or leader (PSR ¶ 33), and two points were deducted under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. (PSR ¶ 36). This gave Defendant a total offense level of 32. With a criminal history category of III, Defendant had a sentencing guideline range of 151 to 188 months. (PSR ¶ 73).

In September 2010, Defendant was sentenced. The court stated that, after review of the PSR, it would accept the Rule 11(c)(1)(C) agreement. (Doc. 45, sentencing transcript at ECF p. 3). Defendant was sentenced to 144 months' imprisonment. (*Id.*, at ECF p. 4).

III. *Discussion*

Federal courts have no inherent authority to modify a sentence at any time. *See Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271

(2010)("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'")(quoting 18 U.S.C. § 3582(c)); *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007)(per curiam)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.")(citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)).

However, a district court does have authority to reduce a sentence on a motion made pursuant to 18 U.S.C. § 3582(c)(2).

> A district court . . . has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *United States v. Doe,* 564 F.3d 305, 309 (3d Cir. 2009).

*United States v. Weatherspoon*, 696 F.3d 416, 422 (3d Cir. 2012). Here, reducing Defendant's sentence would be consistent with applicable policy statements; U.S.S.G. § 1B1.10 (Policy Statement)(2016) provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below." U.S.S.G. § 1B1.10(a)(1). Amendment 782, effective November 1, 2014, is listed in subsection (d).

If Amendment 782 were to be applied here, it appears that Defendant's total offense level would drop by two levels to 30. With a total offense level of 30 and a

-4-

criminal history category of III, this would reduce his sentencing range to 121 to 151 months. Defendant argues that he should receive a sentence of 121 months.[1]

The difficulty for Defendant is that he was sentenced pursuant to a (C) plea agreement, where the parties agreed on the sentence, so his sentence may not have been "based on" his guidelines range, as required for a sentence reduction under section 3582(c)(2). *See Weatherspoon*, 696 F.3d at 422.

Justice Sotomayor's concurrence in *Freeman v. United States*, *supra*, controls the resolution of Defendant's motion as her concurrence is the narrowest opinion on the issue. *Weatherspoon*, 696 F.3d at 422 (citing *United States v. Thompson*, 682 F.3d 285, 289 (3d Cir. 2012)(as the narrowest opinion Justice Sotomayor's concurrence controls)).

The concurrence "identified only two situations in which a defendant sentenced pursuant to a (C) plea agreement could be eligible for a sentence reduction" under section 3582(c)(2). *Id.* "First, when the defendant's agreement "call[s] for the defendant to be sentenced within a particular Guideline[s] sentencing range . . . ." *Id.* (quoting *Freeman*, 564 U.S. at 538, 131 S.Ct. 2697)(Sotomayor, J., concurring). "Second, when the defendant's agreement "provide[s] for a specific term of imprisonment — such as a number of months" the sentence is "based on" a Guidelines range when the agreement "make[s] clear" that the foundation for the agreed-upon sentence was the

---

[1] Defendant calls this the "top" of his guidelines range, but he must mean the low end of the modified sentencing range.

-5-

Guidelines. *Id.* at 422-23 (quoting *Freeman*, 564 U.S. at 539, 131 S.Ct. at 2697)(Sotomayor, J., concurring).

To be eligible for relief under 18 U.S.C. § 3582(c)(2) in the second situation, the defendant "must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence. [citations omitted]. Failure to meet either requirement is fatal to a defendant's § 3582(c)(2) motion." *Id.* at 423. The analysis is confined "solely to the four corners of the plea agreement." *Id.* at 424.

Here, we have the second situation; Defendant agreed to a specific term of imprisonment. But we cannot grant him relief because the agreement does not make clear that his sentence was based on the guidelines. Review of the agreement shows that it does not mention Defendant's guidelines range or even any way to calculate it, as it also does not mention his criminal history category, offense level, or even a drug quantity. The agreement merely states that the parties agreed to a sentence of 144 months and that the sentence was "a reasonable sentence under the facts and circumstances of this case." Such a statement is, by itself, insufficient. *See United States v. Goodman*, 645 F. App'x 135, 136 (3d Cir. 2016)(nonprecedential).

The plea agreement does reference the guidelines, broadly observing that "any legal and factual issues relating to the application of the" guidelines would be "determined by the court after briefing, or a presentence hearing, or at a sentencing

-6-

hearing." But this is not enough to conclude the sentence was based on them. *United States v. Baker*, 644 F. App'x 146, 148 (3d Cir. 2016)(nonprecedential).

Defendant asserts the sentence was based on the guidelines because the court must follow U.S.S.G. § 6B1.2(c) before deciding whether to accept a sentence that the parties have agreed on.[2] We reject this argument. Section 6B1.2(c) requires the court to calculate the guidelines range in deciding whether to accept a C plea agreement, but that does not mean the agreed-upon sentence was based on the guidelines range. As Justice Sotomayor states in her concurring opinion in *Freeman*:

> [T]he fact that U.S.S.G. § § 6B1.2(c) (Nov. 2010) instructs a district court to use the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is "based on" a particular Guidelines sentencing range. The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation.

*Freeman*, *supra*, 564 U.S. at 536, 131 S.Ct. at 2696 (Sotomayor, J., concurring).

---

[2] Section 6B1.2(c) reads as follows:

(c) In the case of a plea agreement that includes a specific sentence (Rule 11(c)(1)(C)), the court may accept the agreement if the court is satisfied either that:

(1) the agreed sentence is within the applicable guideline range; or

(2) (A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form.

Defendant also argues, quoting the four-member plurality opinion in *Freeman*, that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." *Freeman*, 564 U.S. at 534, 131 S.Ct. at 2695. (Doc. 53, ECF p. 4). This position is at odds with Justice Sotomayor's concurring opinion, which controls our resolution of the motion.

We will dismiss Defendant's motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction for lack of jurisdiction. *See United States v. Freeman*, 659 F. App'x 94, 98 (3d Cir. 2016)(nonprecedential)(failure to satisfy both requirements of section 3582(c)(2) deprives a district court of jurisdiction to entertain the motion).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 19, 2017